Vincent W. Davis, Esq. (125399)
Edna V. Wenning, Esq. (130377)
Law Offices of Vincent W. Davis & Associates
440 E. Huntington Dr., Suite 100
Arcadia, CA 91006
Phone: (626) 446-6442
Facsimile: (626) 446-6454
Email: edna@vincentwdavis.com

Attorneys for Plaintiff
M.M.E., a minor by and through her
*Guardian ad Litem* YVONNE FLORES

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION**

| | |
|---|---|
| M.M.E, a minor, by and through her Guardian ad Litem, Yvonne Flores,<br><br>        PLAINTIFF,<br><br>   v.<br><br>COUNTY OF SAN BERNARDINO, by and through THE SAN BERNARDINO COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; MELISSA ERB, an individual; ANA FIGUEROA an individual; NEW BEGINNING FFA, a business entity form unknown; and, DOES 1 through 50, inclusive,<br><br>        DEFENDANTS. | **COMPLAINT**<br><br>Case No:<br><br>1. FIRST CAUSE OF ACTION (Violation of Civil Rights (42 U.S.C. § 1983) - Fourteenth Amendment - Familial Association)) Against All Defendants and DOES 1 through 30, inclusive<br>2. SECOND CAUSE OF ACTION (Violation of 42 U.S.C. § 1985) Against All Defendants and DOES 1 through 30, inclusive<br>3. THIRD CAUSE OF ACTION (Violation of 42 U.S.C. § 1986) Against All Defendants and DOES 1 through 30, inclusive<br>4. FOURTH CAUSE OF ACTION (Monell-related Claims) Against Defendant COLA/DCFS and DOES 1 through 30, inclusive<br>5. Negligent Infliction of Emotional Distress (A NEW BEGGING and DOES 31-50)<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff alleges the following:

**JURISDICTION**

1.      The jurisdiction of this Court is invoked under Title 28 U.S.C. §§ 1331 and 1343. This suit is authorized by the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. § 1983.   Plaintiff seeks monetary recovery in excess of $75,000 for damages incurred by them.

2.      Venue is proper in the United States District Court for the Eastern District of California, as one or more of the named Defendants reside, transact business, or have offices in San Bernardino County and many of the acts and omissions alleged herein took place in San Bernardino County.

3.      The action was brought timely because the statute of limitations is tolled in California state as well as federal cases involving minors until the minor turns 18.

**PARTIES**

4.      Plaintiff M.M.E., born on or around March 8, 2017, is an and was at all times relevant the biological child of Plaintiff YVONNE FLORES, a minor, is currently in the legal and physical custody of her mother YVONNE FLORES and described in more detail below.

5.      YVONNE FLORES is an individual, competent adult, who, is the biological and custodial parent of the Minor Plaintiff M.M.E.

6.      Plaintiff M.M.E. is an individual, minor, who, during all times relevant as described in more detail below, engaged with the San Bernardino County Department of Children and Family Services, by and through numerous employees, representatives, or agents of the same, in and around San Bernardino County, both individually and as daughter of YVONNE FLORES.

7.      The true names and capacities of the defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

8.      Defendant COUNTY OF SAN BERNARDINO is a local public entity organized under the laws of the State of California (hereinafter referred to as "County of San Bernardino" or "COSB"). Defendant San Bernardino County Department of Children and Family Services (hereinafter referred to as "DCFS" or "the Department") is an agency of Defendant COSB designated to administer laws and programs relating to protective services for children, foster care, and adoptions.

9.      DCFS operates under the policy direction of the San Bernardino County Board of Supervisors and the California Department of Social Services and Health Services. Collectively, COSB and DCFS will be referred to hereinafter as "COSB/DCFS."

10.     Hereinafter, the above-described Defendants will be referred to collectively as "Defendants."

11.     Plaintiff is informed and believes and on such basis alleges that each of the above named defendants was and is the agent, employee, principal, or employer of each of the remaining defendants, and/or vice versa. In addition, Plaintiff is informed and believes, and on such basis alleges that the defendants named hereinabove, and each of them, are responsible in some manner for the occurrences herein alleged, and that each of the above named defendants conspired with, and/or aided and/or abetted each of the remaining defendants in committing the acts herein alleged.

12.     Plaintiff is informed and believes, and thereon alleges, that each of the above-named defendants was acting under color of law in committing the acts herein alleged, and that in doing the things herein alleged, Defendants, and each of them, were acting within the course and scope of their duties as employees or agents of COSB/DCFS.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

13.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, were the knowing agents and/or alter egos of one another, and that Defendants directed, ratified, and/or approved the conduct of each of the other Defendants, and each of their agents or employees, and are therefore vicariously liable for the acts and omissions of their co-defendants, their agents and employees, as more fully alleged herein. Moreover, all of the Defendants agreed upon, approved, ratified, and/or conspired to commit all of the acts and/or omissions alleged in this Complaint.

## COMMON ALLEGATIONS

14.     On May 9, 2017, Plaintiff M.M.E.'s biological mother, YVONNE FLORES was in a car driven by her then boyfriend, Daniel Escutia. The two of them were submitted to drug testing and testing positive for methamphetamines.

15.     That same day, a pregnancy test on YVONNE FLORES has come positive, just a week after her last menses.

16.     A pregnancy can show up on a pregnancy test as soon as 3-4 days after implantation.

17.     A full pregnancy term is usually about 40 weeks, or 280 days, or ten months.

18.     Ten months after May 9, 2017, on March 8, 2018, YVONNE FLORES gave birth to her biological daughter, Plaintiff M.M.E.

19.     YVONNE FLORES abstained from drugs during the course of her pregnancy and following the birth of her daughter M.M.E.

20.     In early November, 2018, YVONNE FLORES was contacted by DCFS social worker, Defendant MELISSA ERB regarding accusations that M.M.E.'s maternal grandfather may be sexually abusing his grandchild.

21.     On November 6, 2018, YVONNE FLORES came to the DCFS office for an interview with Defendant ERB, accompanied by her parents.

22.     During the interview, YVONNE FLORES was informed that a blood relative contacted DCFS with accusations against her and her father relating to the minor Plaintiff M.M.E.

23.     YVONNE FLORES was so overcome by this revelation regarding a family member that she started to cry.

24.     Defendant ERB asked YVONNE FLORES whether she was using drugs and she denied having used any drugs since she has learned about her pregnancy.

25.     Despite YVONNE FLORES' denial of current drug use, Defendant ERB prepared a Detention Report that stated:

"On November 6, 2018… [d]uring the interview, the undersigned addressed the drug use due to mother's eyes appearing watery and that she presented as she may be under the influence. **when asked, the mother disclosed she was under the influence of methamphetamines and still actively using**, while the child is in her care." Melissa Erb's Detention Report dated 11/09/2018, pg. 5.

26.     A few days later, YVONNE FLORES tested negative for metamphetamines during a urine test.

27.     On or about November 6, 2018, following the interview, Plaintiff M.M.E. was removed from the care, custody, and control of her biological mother, Yvonne Flores.

28.     The mother was not presented with any kind of a warrant or court order regarding the removal of her child.

29.     Subsequent to the above-referenced removal, on November 6, 2018, Defendants COSB/DCFS placed Plaintiff M.M.E. in the care, custody, and control of the maternal cousin Ms. K., who was a certified foster mother.

30.     On November 8, 2018, Defendants COSB/DCFS took Plaintiff M.M.E. away from her auntie Ms. K. informing Ms. K. that they got a "hit" on her in another county. They revealed that they had information about Ms. K. having had post-natal depression, and said they have to take M.M.E. away.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

31. Ms. K. had post-natal depression following the birth of her son 20+ years prior.

32. Plaintiff M.M.E. was taken away from her auntie Ms. K. due to the alleged post-natal depression but, strangely enough, Defendant ERB informed Ms. K. that she has another child for placement with her.

33. YVONNE FLORES is informed and believes and thereon alleges that, subsequent to Plaintiff M.M.E.'s placement with maternal cousin Ms. K., Plaintiff M.M.E was placed in a foster care facility, Defendant A NEW BEGINNING FFA.

34. On December 10, 2018, Plaintiff M.M.E. was placed back into the care, custody, and control of maternal cousin Ms. K.

35. On that day, immediately after getting Plaintiff M.M.E. back into her care, custody, control Ms. K. called YVONNE FLORES and reported bruises located all over Plaintiff M.M.E.'s entire body.

36. Photos of the bruises are attached to this Complaint as Exhibit 1.

37. YVONNE FLORES contacted her social worker, Defendant ANA FIGUEROA to report the above-described abuse and was told not to take immediate action.

38. On or about December 11, 2018, Ms. K. took Plaintiff M.M.E. to her pediatrician, who issued a report in regard to the abnormal bruises found on the minor's body.

39. The next day, December 12, 2018, YVONNE FLORES took M.M.E. to Loma Linda medical center.

40. At Loma Linda medical center, Plaintiff M.M.E.'s bruises were found not consistent with an accident and a small tear in her rectum was also detected.

### FIRST CAUSE OF ACTION

**(Violation of Civil Rights (42 U.S.C. § 1983) - Fourteenth Amendment - Familial Association))**

**Against All COSB/DCFS Defendants and DOES 1 through 30, inclusive**

41.     Plaintiff re-alleges paragraphs 1-40 and incorporate them herein as though fully set forth.

42.     Plaintiff is informed and believes, and thereon alleges that the right to familial association guaranteed under the Fourteenth Amendment is "clearly established" such that a reasonable social worker in defendants' situation would know it is unlawful to deliberately fail to protect minors from physical abuse while in foster care.

43.     During the times when Plaintiff M.M.E. was subject to the care, custody, and control of Defendant, Defendants, and each of them, were acting under color of state law when they acted, agreed and/or conspired to unlawfully and deliberately fail in protecting Plaintiff M.M.E. against physical abuse while said Plaintiff was in foster care and under the supervision of Defendants.

44.     Defendants, and each of them, maliciously conspired to violate the civil rights of Plaintiff, including violation of Plaintiff's rights found in the Fourteenth Amendment of the United States Constitution, by, but not limited to, deliberately failing to protect minors from physical abuse while in foster care and thereby violating the Constitutional rights of Plaintiff.

45.     By these actions, Defendants, and each of them, interfered and/or attempted to interfere with Plaintiff's constitutional rights to familial association under the Fourteenth Amendment as well as those rights under applicable California Law rising to the level of a constitutionally-protected right.

46.     As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

47.     Defendants COSB/DCFS and their respective entities, are vicariously responsible for the conduct of all Defendants and DOES 1 through 30, under Government Code section 815.2 and applicable other statutory and case law.

48.     On information and belief, Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

## SECOND CAUSE OF ACTION

### (Violation of 42 U.S.C. § 1985)

**Against All COSB/DCFS Defendants and DOES 1 through 30, inclusive**

49.     Plaintiff re-alleges paragraphs 1-48 and incorporates them herein as though fully set forth.

50.     Defendants, and each of them, acting under color of state law, conspired to deprive, and did deprive, Plaintiff of their rights under the laws of the United States.

51.     Specifically, Defendants conspired to, and did: act, agree and/or conspire to unlawfully fail, deliberately, to protect Plaintiff M.M.E. from physical abuse while in foster care. The conduct of Defendants, and each of them, interfered with Plaintiff's rights, including the right to familial association free from government interference as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

52.     Defendants, and each of them, engaged in said conspiracies for the purpose of depriving Plaintiff of equal protection of the laws of the State of California and of the United States, and depriving them of their rights under the Constitutions of the United States and the State of California.

53.     Defendants, and each of them, took several acts in furtherance of the conspiracy, including but not limited to, acting, agreeing and/or conspiring to

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

unlawfully fail, deliberately, to protect Plaintiff M.M.E. from physical abuse while in foster care.

54.     Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Due Process Clause of the Fourteenth Amendment, which has been interpreted to protect the fundamental liberty interest of familial relations.

55.     As the direct and proximate result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff have also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

56.     On information and belief, Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard to the rights of Plaintiff in a despicable, vile and contemptible manner. Therefore, Plaintiff are entitled to an award of punitive damages for the purpose of punishing said Defendants, and to deter them and others in the future.

## THIRD CAUSE OF ACTION
### (Violation of 42 U.S.C. § 1986)

**Against All COSB/DCFS Defendants and DOES 1 through 30, inclusive**

57.     Plaintiff re-alleges paragraphs 1-56 and incorporates them herein as though fully set forth.

58.     Defendants, and each of them, maintain, and at all times relevant to this Complaint maintained, customs and practices which were the driving force behind their conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. section 1985, discussed in paragraphs 1 through 34, above. Such customs and practices include unlawful and deliberate failure to protect minors from physical abuse

while in foster care, all in violation of the right to familial association under the Due Process Clause of the Fourteenth Amendment.

59.     Defendants and each of them, have, and at all times relevant to this complaint had, knowledge of the customs and practices that led to the conspiracy to interfere with Plaintiff's civil rights. All named defendants and DOES 1 through 50, inclusive, knew that the other individual defendants were conspiring to commit the wrongs noted above, and were going to commit them.

60.     Defendants, and each of them, had the power to prevent the commission of these wrongs, through the notification of the proper superiors and authorities, and/or through the implementation of policies, procedures, and training programs that would educate and enlighten employees as to the civil rights of the citizens of the United States and the State of California.

61.     Despite their knowledge, Defendants, and each of them, refused or neglected to prevent the remaining Defendants from committing these wrongs in violation of 42 U.S.C. section 1985.

62.     Plaintiff did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourteenth Amendment that protect the right to familial association.

63.     Plaintiff's injuries were the direct and proximate result of the actions Defendants could have, through reasonable diligence, prevented.

64.     As the direct and proximate result of these Defendants' actions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiff has also incurred, and will continue to incur, attorneys' fees, costs and expenses, including those authorized by 42 U.S.C. section 1988, to an extent and in an amount subject to proof at trial.

## FOURTH CAUSE OF ACTION
### (*Monell*-related Claims)

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

**Against All COSB/DCFS Defendants and DOES 1 through 30, inclusive**

65.     Plaintiff re-alleges paragraphs 1-64 and incorporates them herein as though fully set forth.

66.     Defendants, including through their respective entities, established and/or followed policies, procedures, customs, and/or practices (hereinafter referred to collectively as "policy" or "policies") which policies were the moving force behind the violations of Plaintiff's constitutional rights, including those under the Fourteenth Amendment, by, but not limited to:

67.     The policy and practice of deliberately failing to protect minors from physical abuse while in foster care.

68.     Defendants, including through their respective entities, breached their duties and obligations to Plaintiff, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review its agents and employees as to their compliance with Constitutional safeguards; and by permitting Defendants and DOES 1 through 50, to engage in the unlawful and unconstitutional conduct as herein alleged.

69.     Defendants knew, or should have known, that by breaching the above-mentioned duties and obligations that it was foreseeable that they would, and did, cause Plaintiff to be injured and damaged by their wrongful policies, or deliberate lack thereof or deliberate indifference to the need for such policies and/or training, and other acts as alleged herein, and that such breaches occurred in contravention of public policy and their legal duties and obligations to Plaintiff; and that such policies would subject them to injunctive relief which Plaintiff asserts herein.

70.     These actions, and/or inactions, of Defendants are the moving force behind, and direct and proximate cause of Plaintiff's injuries, as alleged herein; and as a result, Plaintiff has sustained general and special damages, to an extent and in an amount to

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

be proven at trial. In addition, Plaintiff has incurred, and will continued to incur, attorneys' fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### Against Defendant A NEW BEGINNING and DOES 31-50

71.    Plaintiff hereby incorporates the preceding paragraphs 1 through 70 as though fully set forth herein.

72.    Plaintiff is informed and believes that Defendants and DOES 41 through 50, inclusive, and each of them, engaged in the above-mentioned extreme, outrageous, unlawful, and unprivileged conduct as set forth elsewhere in this complaint.

73.    Plaintiff is informed and believes that Defendants, and each of them, were negligent in causing harm to Plaintiff, or acted with a reckless disregard of the possibility that Plaintiff would suffer extreme emotional distress as a result of the conduct listed above.

74.    As the direct and proximate result of A NEW BEGINNING Defendants' extreme and outrageous conduct, Plaintiff suffered extreme emotional and physical distress, including, but not limited to, fright, nervousness, sleeplessness, anxiety, worry, mortification, shock, humiliation, and indignity to an extent and in an amount subject to proof at trial.

75.    The harm that Plaintiff alleges herein was reasonably foreseeable in light of the conduct of the Defendants, which was done knowingly and intelligently, such that Defendants knew or should have reasonably understood that their actions were likely to result in such harm to Plaintiff.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against all Defendants, as to all causes of action, as follows:

1. Plaintiff demands a jury trial as to the issues so triable;

2. General damages and special damages according to proof;

3. As against only the individual defendants and not any municipality, punitive damages as allowed by law;

4. Attorneys' fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;

5. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems proper.

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a jury trial for all claims asserted here.

RESPECTFULLY SUBMITTED,

Date: March 24, 2022                    LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

BY:   *s/ Edna V. Wenning*
          Edna V. Wenning, Esq.
          Attorneys for Plaintiff
          M.M.E., a minor, by and through her
          Guardian ad Litem, YVONNE FLORES

.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. HUNTIGTON DR., SUITE 100
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454